UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVE LESTER, | ) C/A No. 4:11-2994-TMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| PERRY CORRECTIONAL INSTITUTION, L.T. CHURCH | ) |
| DHO TURNER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PROCEDURAL BACKGROUND**

The Plaintiff, Steve Lester ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on November 4, 2011, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Perry Correctional Institution. Defendants filed a motion for summary judgment on October 31, 2012, along with a memorandum and exhibits in support of said motion. (Document #69). Because Plaintiff is proceeding pro se, he was advised on or about November 1, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. The Plaintiff filed a response on November 29, 2012.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendants violated his constitutional rights. Plaintiff alleges a violation based upon his being charged and convicted of "refusing to obey an order." Plaintiff alleges that on September 26, 2011, he was directed to share a cell with Eric Nance, but refused to return to his cell out of fear for his safety. Plaintiff contends that he requested to go to lock-up. Plaintiff asserts he refused to return to his cell resulting in a disciplinary infraction for which he was convicted of the charge of "refusing to obey an order." Plaintiff seeks compensatory damages.

The Defendants filed a motion for summary judgment on October 31, 2012, asserting this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies, qualified immunity, the action is barred by Heck v. Humphrey, and Defendants have not violated Plaintiff's 8th Amendment rights.

### B. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown,

the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting

his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Ann Hallman (Hallman) who attests that she is an employee of the SCDC as the Chief of the Inmate Grievance Branch which oversees and monitors the processing of inmate grievances throughout the agency. (Hallman's affidavit, doc. #69-5). Hallman asserts Plaintiff only filed two grievances since July 2010: PCI-3123-11 and PCI-0408-12 and attached a copy of the grievance history as Exhibit A to her affidavit. (Id.). Grievance PCI-3123-11 appealing his disciplinary conviction was returned unprocessed because Plaintiff exceeded the time frame for filing a disciplinary appeal. (Id.) This grievance is attached as Exhibit B. (Id.). Grievance PCI-0408-12 was in regards to a property issue from 2010 and also was returned unprocessed for exceeding the filing time frames and is attached as Exhibit C to the affidavit. (Id.).[2]

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended

---

[2] In his response, Plaintiff did not address the exhaustion issue. Doc. #73).

section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that Defendants' motion for summary judgment (doc. #69) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

**PENDENT JURISDICTION**

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint

somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendants' motion for summary judgment (document #69) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 11, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**